IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DONALD EDWARD MACK, #391890 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:12cv940 |
| BRAD LIVINGSTON, ET AL. | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report and Recommendation (docket entry #13) of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, concludes that Plaintiff's complaint should be dismissed pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g) and that Plaintiff's allegations of imminent danger of serious physical injury are conclusory and unsupported and therefore cannot save the complaint. The Plaintiff has filed written objections (docket entry #15).

Although his objections are five pages long and include an additional personal affidavit, he has largely repeated the underpinnings of his complaint, namely, that he is in jeopardy because he is being subjected to a "Tracker" device by officials in the prison system, which he now specifically identifies as being "lo[d]ged-implanted within the upper Right side Eight/or Ninth 'Tooth'" of his mouth. Objections at 4. He asserts that he began being subjected to the "Tracker" while incarcerated at the Michael Unit, and that medical personnel were "deliberately indifferent" to his complaints that he was being tracked via this implanted device in everything he does or everywhere he goes. He is no longer at the Michael Unit, which by itself would have alleviated his concern; however, he contends that he is still being subjected to the "Tracker" as used by multitudes of prison officials

1

now that he is incarcerated at the Stiles Unit. He alleges he can tell he is still be subjected to the "Tracker" because he can overhear people talking about being scared of him, that they have "no way to repay this dude," that "[t]his man's fixing to go home foreal [*sic*]," and other comments of varying nature. Although he argues that the "imminent danger" exception to § 1915(g) applies in his case, he has not explained what that danger is or how (or why) he is being "tracked." He has provided no substantive objection to the Report and Recommendation beyond these general arguments. In addition to being conclusory and unsupported, his allegations are also fanciful, fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(g). It is finally

**ORDERED** that any and all other motions that may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 27th day of June, 2013.**

                                      **LEONARD DAVIS**
                                      **UNITED STATES DISTRICT JUDGE**